IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER THIRTEEN |
| STEVEN W. SMITH and YVETTE E. SMITH, | : | BANKRUPTCY NO.: 4:09-bk-09563 |
| DEBTORS | : | |
| STEVEN W. SMITH and YVETTE E. SMITH, | : | {**Nature of Proceeding**: Objection to Proof of Claim No. 7 (#20)} |
| OBJECTOR | : | |
| vs. | : | |
| ONE WEST BANK, FSB and UDREN LAW OFFICES, P.C., | : | |
| CLAIMANT | : | |

# **OPINION**

An Objection to a secured Proof of Claim of One West Bank, FSB, has been filed by the Debtors, Steven and Yvette Smith. The Debtors are owners of a parcel of real estate in Muncy, Pennsylvania.[1] The Claimant is a mortgage holder against that property. The Objection (Doc. #20) alleges that Yvette Smith has never signed a mortgage or note in favor of One West Bank or its predecessor. Rather, the obligation in question has been signed by the male Debtor, Steven W. Smith, a co-owner of the real estate described in the mortgage and his mother Dolores, a non owner of the real estate in question. Debtors rely on Pennsylvania law suggesting that a mortgage signed by only one of two spouses owning real estate is not enforceable against the real estate as long as that real estate is owned by tenancy by the entireties. *Biehl v. Martin*, 236

---

[1] This Opinion reflects facts not in dispute.

Pa. 519, 84 A. 953 (1912). While acknowledging this authority, the Claimant argues that its claim remains secured even though it may not be presently enforceable.

Pennsylvania law is applicable to property interests in regard to a bankruptcy estate. *Butner v. United States*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979). A review of Pennsylvania law makes clear that a claim against one spouse owning entireties property, even though inchoate by reason of the non joinder of the spouse, is still secured. More specifically, that secured interest is in the spouse's "contingent expectant interest." *Biehl v. Martin*, 236 Pa. 519, 527, 84 A. 953, 956 (1912).

So as not to overly complicate the issues that bring us together, it is important to remind the parties that it is not lien avoidance that is being sought by these proceedings. The operative issue is whether Claimant's proof is sufficient. Indeed, the official Proof of Claim form (Official Form 10) identifies only three categories of claims that an item can be parsed into – unsecured nonpriority claim, unsecured priority claim, and secured claim. There exists no subclassifications such as unsecured non-enforceable claims, contingent, disputed or marital claims or choate or inchoate secured claims.

A proof of claim is prima facie evidence of validity. Federal Rule of Bankruptcy Procedure 3001(f). "[A] claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward." *In re Allegheny Intern., Inc.*, 954 F.2d 167, 173 (3d Cir.1992).

Simply stated, the Debtors have not rebutted this showing.

The law is fairly clear that the claim of One West against Steven Smith is a lien, albeit against Steven's contingent expectant interest. While it may not be presently enforceable, it does

not make it any less viable. One West's claim against Yvette Smith is admittedly tenuous. One West's claim is not against her personally but, rather, against her property. That claim is contingent and can only affix to the real estate should the entireties interest cease to exist. It does not mean it should be disallowed.

Debtors have argued that, once the entireties property is transferred by them, the contingent expectant interest is destroyed. They advance that the bankruptcy filing is a "transfer" which cuts off the interest of OneWest. (Transcript of 7/23/2010 at 36, Doc. #65.). No authority is advanced for that proposition.[2] In the absence of such authority, I cannot conclude that the Debtors' entireties interest is affected by the bankruptcy filing.

For these reasons, the Objection of the Debtors is overruled.

A confirmation hearing on the Chapter 13 Plan is scheduled for **FRIDAY**, **APRIL 29, 2011,** at **10:00** o'clock A.M. at the U.S. Courthouse, 240 West Third Street, Third Floor, Room 307, Williamsport, Pennsylvania.

An Order will follow.

By the Court,

Date: April 11, 2011

John J. Thomas, Bankruptcy Judge
(CMS)

---

[2] The Debtors cite to *In re Hope*, 77 B.R. 470, 476 n.6 (Bankr.E.D.Pa.1987). While the proposition was discussed, it was specifically deferred. ("I also note but do not decide whether the filing of a joint bankruptcy petition, see 11 U.S.C. § 302, is the equivalent to the joint alienation of property, within the meaning of *Beihl* and *Murphey*, so that the inchoate lien on the expectancy is terminated.")